In re Truman William **BROPHY IV** aka Truman W. Brophy aka Bill Brophy and Michelle Renee Brophy, Debtors.

Bankruptcy No. 84–00109.

United States Bankruptcy Court, D. Hawaii.

May 13, 1985.

Larry Gilbert, Honolulu, Hawaii, for movant.

Dana Smith, Honolulu, Hawaii, for debtors.

MEMORANDUM DECISION RE: MOTION TO CONVERT TO CASE UNDER CHAPTER 11

JON J. CHINEN, Bankruptcy Judge.

On June 18, 1984, Larry Gilbert, Esq. ("Movant"), an unsecured creditor, filed a Motion to Convert to Case under Chapter 11. A hearing was held on August 27, 1984, at which time the Applicant represented himself; Dana Smith, Esq., represented Truman William Brophy IV, and Michelle Renee Brophy ("Debtors") and

William Brophy; Charles Crumpton, Esq., represented First Interstate Bank; and John Shimizu, Esq., represented Hawaiian Management Co.

Following the hearing, the Court took the matter under advisement to permit Debtor's counsel to file a supplemental memorandum. All memoranda having been filed, the Court, based upon the memoranda and records in the file and arguments of counsel at the hearing, finds as follows:

## FINDINGS OF FACT

On March 5, 1985, the Debtors filed a Voluntary Petition under Chapter 13. On March 12, 1984, the Debtors filed a Motion to Convert Bankruptcy Petition to Chapter 7, and on the same day an Order Amending Petition for Voluntary Bankruptcy was filed.

On June 18, 1984, Applicant filed his Motion to Convert to Case Under Chapter 11, alleging that the Debtors had sufficient funds by way of an inheritance to be reorganized under Chapter 11. On the other hand, the Debtors opposed the motion, claiming that such conversion will be tantamount to placing Debtors in involuntary servitude.

## CONCLUSIONS OF LAW

11 U.S.C. Section 706(b) provides as follows:

> On request of a party in interest and after notice and hearing, the court may convert a case under this chapter [7] to a case under chapter 11 of this title at any time.

In denying a creditor's motion to convert to Chapter 11 from Chapter 7, the Court, in *In Re Graham*, 21 B.R. 235 (Bkrtcy.Iowa 1982), ruled that individual debtors should not be forced to submit to a repayment plan.

> Thus, the expressed legislative intent is that individual debtors should not be forced into a repayment plan against their will. Some members of Congress appear to be rethinking this policy, but the Court must follow legislative intent as it is presently expressed. The debtor, not surprisingly, has emphatically voiced his desire not to be compelled to submit to the terms of a chapter 11 reorganization plan. Because the forced submission of the debtor to such a plan is the sole purpose of the Movant's motion to convert these proceedings from Chapter 7 to Chapter 11 and because the effect of such an 11 U.S.C. § 706(b) conversion would be such a forced submission, the Court is forced to deny the Movant's motion.

*Id.* at 239.

In addition, the Court noted that in drafting Section 706(b), Congress was concerned with corporate rather than individual debtors.

> Congress was primarily concerned with corporate debtors that had filed Chapter 7 petitions, that Congress momentarily lost sight of the fact, *see* 11 U.S.C. § 109(d), that individual debtors were also eligible for Chapter 11 relief, and that Congress, in light of its misgivings concerning the constitutionality and wisdom of forced repayment plans, could not have intended individual debtors to be subject to 11 U.S.C. § 706(b) conversions.

*Id.* at 239.

The Court agrees with *In re Graham* and finds that Section 706(b) was not intended to be a vehicle by which individual debtors would be forced to submit to a plan of repayment against their wills.

Based on the foregoing, Applicant's Motion to Convert to Case Under Chapter 11 is hereby denied and dismissed.

IT IS SO ORDERED.