**In re Thomas Daniel FREUNSCHT and Dianne C. Freunscht, Debtors.**

**Bankruptcy No. 85-96.**

United States Bankruptcy Court, D. Vermont.

Oct. 7, 1985.

---

Andrew D. Mikell, Burlington, Vt., pro se, creditor.

Douglas J. Wolinsky, Burlington, Vt., for debtors.

## FINDINGS AND ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

The debtors, Mr. and Mrs. Freunscht, filed a Chapter 7 petition in bankruptcy.

Andrew D. Mikell, Esq., an unsecured creditor, has moved the Court to convert this case to one under Chapter 11 on the authority of 11 U.S.C. § 706(b). Debtors counterclaimed that letters from the creditor seeking reaffirmation of the debt violate the automatic stay, 11 U.S.C. § 362(a)(6). They have asked for their costs and attorney's fees in defending this action, and for actual and punitive damages for the alleged violation of the stay under 11 U.S.C. § 362(h). We hold that individual debtors may not be forced from Chapter 7 to Chapter 11; that the creditor has brought this action in bad faith; and that the debtors were not injured by the creditor's letters.

In light of the evidence of record, the testimony at the hearing in this contested matter, and the conduct and arguments of the parties, we find that the debtors filed a joint Chapter 7 petition in bankruptcy on May 10, 1985. In preparing to file their petition, the debtors consulted Andrew D. Mikell, a practicing attorney, for legal advice. They were not satisfied with the services of Mr. Mikell, who had previously handled two unrelated bankruptcy cases. Debtors then retained a more experienced attorney and filed an amended petition on June 3, 1985. Mr. Mikell's fee for the legal services he had provided to debtors amounted to $349.60.

The meeting of creditors required by 11 U.S.C. § 341 was held on June 5, 1985. Mr. Mikell, in his capacity as an unsecured creditor, did not attend this meeting. On June 12th, however, he wrote to the debtors' new attorney asking whether the debtors intended to reaffirm the debt for his legal services and expressing the hope that they would "not try to stiff [him] by turning to bankruptcy." Mr. Mikell sent another letter to the debtors' attorney on July 10th reminding him of the earlier request to reaffirm. On July 11th, the debtors' attorney replied that his clients did not intend to reaffirm the debt. Four days later, Mr. Mikell responded by filing a motion to convert the debtors' case to Chapter 11. The debtors' former attorney is the

only one of 41 creditors to make this motion.

■ The motion itself is patently inadequate under Bankruptcy Rule 9013; for though it clearly sets out the relief sought, the motion entirely fails to state the grounds therefor. At the hearing before the Court, Mr. Mikell, who represented himself, called the debtor, Mr. Freunscht, as his only witness. His examination elicited the admission that the debts the debtors had listed in their petition as contingent might not materialize, and that Mr. Freunscht's post-petition income as an insurance agent, working largely on commission, has increased. In his conduct toward the witness, he was contemptuous and abusive. When the dust settled, it was apparent that the movant had introduced no evidence whatever in support of his motion. What is more, when asked by the Court what his grounds for the motion were, Mr. Mikell replied only that he was exercising his rights as a creditor to request conversion under 11 U.S.C. § 706(b).

■ Because Congress intended that 11 U.S.C. § 706(b) apply only to debtors doing business, individual debtors who have filed under Chapter 7 may not be compelled to submit to a repayment plan. *In re Brophy*, 49 B.R. 483, 484 (Bkrtcy.D.Hawaii 1985); *In re Graham*, 21 B.R. 235, 239 (Bkrtcy.D.Iowa 1982). Therefore, we hold that § 706(b) may not be used to force the Freunschts into Chapter 11.

■ The debtors have asked for their costs and attorney's fees. In view of the movant's complete failure to present any relevant evidence, his inability to make out a colorable claim by articulating any grounds whatever for the motion beyond citing the pertinent provision of the Bankruptcy Code, and his demeanor at the hearing, the Court finds that this action was brought in bad faith, for the vindictive purpose of vexing and harrassing debtors who would not reaffirm a debt. Frankly, we are chagrined by the spectacle of an attorney instituting a groundless action against former clients solely to recover his legitimately dischargeable fees. Having accused the debtors of turning to bankruptcy to avoid paying him, this creditor now turns to an inapplicable provision of the Code to punish Mr. and Mrs. Freunscht for not reaffirming a debt to him of less than $350.

■ The general rule in federal courts is that a litigant cannot recover his counsel fees, but the rule does not apply when the opposing party has acted in bad faith. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–766, 100 S.Ct. 2455, 2463–2464, 65 L.Ed.2d 488 (1980); *Hall v. Cole*, 412 U.S. 1, 4, 93 S.Ct. 1943, 1945, 36 L.Ed.2d 702 (1973). It is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Hall v. Cole*, 412 U.S. 1, 4, 93 S.Ct. 1943, 1945, 36 L.Ed.2d 702 (1973); *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir.1980). Bad faith does not require that the legal and factual basis for the action prove totally frivolous; when a litigant is substantially motivated by vindictiveness, even the assertion of a colorable claim will not bar the assessment of attorney's fees against him. *Lipsig v. National Student Marketing Corporation*, 663 F.2d 178, 182 (D.C.Cir.1980). Assessing attorney's fees under such circumstances does not conflict with the primary justification for the rule against the shifting of fees, namely, that a party should not be discouraged from good faith assertions of colorable claims or defenses. *Gerstle v. Gamble-Skogmo, Inc.*, 478 F.2d 1281, 1309 (2d Cir. 1973). Advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto. *Lipsig v. National Student Marketing Corporation*, 663 F.2d 178, 181 (D.C.Cir.1980); *Browning Debenture Holders' Comm. v. Dasa Corporation*, 560 F.2d 1078, 1088–1089 (2d Cir. 1977).

■ The debtors have alleged in a counterclaim that, by writing two letters to the debtors' attorney seeking reaffirmation

of a debt, the creditor violated the automatic stay under 11 U.S.C. § 362(a)(6). They ask for actual and punitive damages pursuant to 11 U.S.C. § 362(h). If there was a violation of the stay, which we need not decide, then it was at most a technical one, for the request to reaffirm was addressed by letter to the debtors' attorney. No sanction of contempt should be imposed when a merely technical violation of the stay has occurred. *In re Bray Enterprises, Inc.*, 38 B.R. 75, 79 (Bkrtcy.D.Vt.1984). Even if we were to find a violation of the stay, 11 U.S.C. § 362(h) requires a finding of actual injury, and here there was none. Compare *In re Farmers Markets, Inc.*, 36 B.R. 829, 834 (Bkrtcy.E.D.Calif.1984); *Van Hoose v. Van Hoose*, 31 B.R. 332, 337 (Bkrtcy.S.D.Ohio 1983).

Accordingly,

It is ORDERED that the creditor's motion to convert from Chapter 7 to Chapter 11 be DENIED, that the debtors' motion for actual and punitive damages be DENIED, and that the debtors' motion for the reasonable costs and attorney's fees incurred in defending against the creditor's motion to convert be GRANTED.