In re Elizabeth L. WATKINS, Debtor.

Bankruptcy No. 87–02377–BKC–SMW.

United States Bankruptcy Court,
S.D. Florida.

Oct. 22, 1991.

Ronald Neiwirth, Miami, Fla., for trustee.

Gui Govaert, Miami, Fla., trustee.

Steven Turner, Staff Atty., U.S. Trustee.

### ORDER DENYING TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 11

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on September 12, 1991, upon the Trustee's Renewed Motion To Convert Case To Chapter 11, and the Court having reviewed the Motion, having listened to the argument of counsel and being otherwise fully advised in the premises, hereby finds as follows:

This case was commenced by the filing of a voluntary petition on July 7, 1987. The debtor has been denied her discharge pursuant to 11 U.S.C. § 727(a)(4)(A) based on her failure to disclose assets of substantial value in her bankruptcy schedules. *See In re Watkins*, 84 B.R. 246 (Bankr.S.D.Fla. 1988). The only asset remaining to be administered by the trustee is the lump sum alimony awarded to the debtor in connection with the dissolution of her marriage. The trustee has received, and will continue to receive for approximately the next seventy months, $1,250.00 per month from the debtor's former spouse in satisfaction of the lump sum alimony awarded to the debtor.

The trustee seeks Court authority to convert the case to Chapter 11 pursuant to Section 706(b) of the Bankruptcy Code. Once converted, the trustee proposes to file a liquidating plan which would establish a private trust in order to maintain the collection and disbursement of the balance of the available funds over the life of the lump sum alimony award. The trustee asserts that this procedure would permit the case

to be closed following the initial distribution under the plan. Absent the conversion, the trustee asserts that the case would need to remain open as a Chapter 7 until the final payment of the lump sum alimony award is received by the trustee and disbursed to the creditors.

The United States Trustee objects to the conversion of the case. The objection is based on the notion that a debtor may not be compelled to submit to a repayment plan under Chapter 11. *In re Graham,* 21 B.R. 235 (Bankr.N.D.Iowa, W.D.1982); *In re Brophy,* 49 B.R. 483 (Bankr.D.Hawaii 1985); *In re Freunscht,* 53 B.R. 110 (Bankr.D.Vermont 1985). In *Graham,* 21 B.R. 235, the court denied the creditor's request that the case be converted to Chapter 11 reasoning that Congress did not intend that individual debtors be compelled to submit to the terms of a repayment plan. 21 B.R. at 236. However, the court in *Graham* recognized that the decision whether to convert a case to Chapter 11 pursuant to 11 U.S.C. § 706(b) is left to the sound discretion of the court, based on what will most inure to the benefit of all parties in interest. *Id.*

In this case, the Court finds that the debtor will not be compelled to submit to a repayment by virtue of the conversion in that the monies in question have been adjudicated to be property of the estate and would be available to satisfy creditor claims if the case proceeds either under Chapter 7 or Chapter 11. However, the Court also finds that conversion of this case for the purpose of liquidating the only asset of the estate is not compatible with the purpose of a Chapter 11 proceeding. "[T]he policy of Chapter 11 is to permit successful rehabilitation of debtors," and "to prevent a debtor from going into liquidation." *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 527, 104 S.Ct. 1188, 1196, 79 L.Ed.2d 482, 496 (1984); *Moody v. Amoco Oil Co.,* 734 F.2d 1200 (7th Cir.1984), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *In the Matter of Thompson,* 76 B.R. 961 (Bankr.D.Del.1987); *In re Tudor Motor Lodge Associates Limited Partnership,* 102 B.R. 936 (Bankr. D.N.J.1989). Conversion of the case will not aid the debtor in a reorganization effort and, at this point, will only serve to expedite the closing of the case.

Additionally, the Court is concerned with the administrative expense that will accrue by virtue of the conversion. The estate will have to the bear the cost of the preparation and filing of the disclosure statement and plan, with the only anticipated benefit being that the trustee will be permitted to begin making interval distributions to creditors following confirmation. While the Court is certainly interested in seeing that the creditors receive their distributions in an expeditious manner, in this case this interest is outweighed both by the Court's duty to comply with the purpose behind Chapter 11 of the Bankruptcy Code and the Court's concern with maintaining administrative costs within reasonable measure. Accordingly, it is hereby:

ORDERED AND ADJUDGED that the Trustee's Renewed Motion To Convert Case To Chapter 11 is denied. The trustee and his counsel are directed to meet with the Office of the United States Trustee in order to discuss implementing an alternative method by which to close this case.

DONE AND ORDERED.