In re Michael and Lori T. NATALE, Debtors.

Salvatore PERNICIARO, Plaintiff,

v.

Michael NATALE, Defendant.

Bankruptcy No. 190–15846–353. Adv. No. 191–1209–353.

United States Bankruptcy Court, E.D. New York.

Feb. 7, 1992.

Wilkie Farr & Gallagher, New York City, by Gregory L. Harris, John Scott, for debtor.

George Poulos, Astoria, N.Y., by George Poulos, for plaintiff.

## DECISION ON MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION

JEROME FELLER, Bankruptcy Judge.

Before this Court is a motion by the Debtor, Michael Natale ("Debtor"), to dismiss the complaint ("Complaint") filed in this adversary proceeding for failure to state a cause of action upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), made applicable herein by Fed. R.Bankr.P. 7012(b). The Complaint was filed by Salvatore Perniciaro ("Plaintiff"), a creditor of the Debtor, and seeks an order denying the Debtor's discharge or, in the alternative, an order dismissing the Debtor's Chapter 7 case. Based upon this Court's review of the Complaint, the papers submitted in support of, and in opposition to, the motion to dismiss and our own independent legal research, we find that the Complaint is utterly defective and is therefore dismissed, with prejudice.

## I. BACKGROUND

The adversaries in this lawsuit are former friends whose relationship soured after a failed business venture of the Debtor and resultant debts to Plaintiff left unpaid. Plaintiff sold a landscaping business to the Debtor in February 1985 for $27,000. Payment for the purchase price was to be made in four note installments of $6,750.

The Debtor paid $5,000 on the first note in August 1986 and ceased to make further payments on these notes. Efforts to restructure the debt to Plaintiff in 1988 and 1989, including the issuance of new notes, resulted in no further payments to Plaintiff. Several other attempts by the Debtor to own a business were also unsuccessful, leaving the Debtor with additional debts. Apparently, the Debtor ultimately realized that business was not his forte; he then sought and obtained work in construction. The Debtor is now a laborer in the recession plagued construction industry.

On December 24, 1990, the Debtor and his wife filed a joint *pro se* petition for relief under Chapter 7 of the Bankruptcy Code. At the time, the Debtor was employed as a construction worker, taking home approximately $2,300 per month. The Debtor's wife remained at home to take care of their two young daughters who were then 2½ years old and 5 months old. Assets of $3,500 were reported, as compared to liabilities of $61,762.95. Plaintiff was scheduled as being owed $19,500.

The Debtor and his wife appeared at the meeting of creditors held pursuant to 11 U.S.C. § 341 on February 7, 1991. Plaintiff attended the meeting, but opted not to avail himself of the opportunity to question the Debtor and his wife. Instead, Plaintiff subsequently sought and obtained an order authorizing an examination of the Debtor under Fed.R.Bankr.P. 2004. Meanwhile, the exact time being unclear, the Debtor obtained the assistance of counsel. The law firm of Wilkie Farr and Gallagher undertook the *pro bono* representation of the Debtor and his wife in their Chapter 7 case.[1] Thereafter, by application dated April 24, 1991, the Debtor and his wife sought permission to file amendments to their bankruptcy schedules and statement of financial affairs pursuant to Fed. R.Bankr.P. 1009. This application was granted by order dated April 26, 1991, and the Debtor's bankruptcy papers were accordingly amended to include, among other things, two omitted annuities and a correc-

---

1. The Debtor's wife has a brother who is associ- ated with this law firm.

tion of the Debtor's monthly rental payments. On that same date, April 26, 1991, Plaintiff filed the Complaint initiating this adversary proceeding.

## II. THE COMPLAINT

The Complaint alleges what appears to be two causes of action, one cause of action objecting to the Debtor's discharge and the other cause of action seeking an outright dismissal of the Chapter 7 case. As best as we can, we will attempt to summarize the contents of the Complaint.

### A. *The First Cause of Action*

Although not clearly demarcated, the first cause of action deals with Plaintiff's objection to the Debtor's discharge. No provision of Title 11 of the United States Code, i.e., the Bankruptcy Code, is mentioned as the basis for the objection. Instead, 11 U.S.C. § 727 is referred to in the jurisdictional statement of the Complaint preceding the alleged substantive causes of action. Nowhere in the Complaint is the specific subdivision of the multi-layered Section 727, upon which Plaintiff relies, specifically identified. It would seem, however, from the parroting of statutory language in the Complaint, that Plaintiff is objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A)-(B), the provisions barring a discharge to persons who knowingly and fraudulently made false oaths or accounts or presented or used false claims in connection with a bankruptcy case. Specifically, the Complaint alleges the following, i) the Debtor failed to list two annuity funds in his bankruptcy schedules; ii) the Debtor stated "at a 2004 examination" that he could not recall who typed and prepared his bankruptcy petition and schedules; iii) the Debtor's schedule of unsecured creditors includes friends and family members and "at a 2004 examination" the Debtor stated that there was no written instrument evidencing these debts, that he could not recall whether he received the money in cash or by check, that he

never made any payments on these debts, and that his friends and family never took any action to enforce the debts; iv) the Debtor's schedules list two debts incurred in 1984 that "are barred by the New York Statute of Limitations, pursuant to CPLR, Section 213;" v) the Debtor's bankruptcy petition lists his rent at $610.00 per month, while his actual rent is $450.00 per month; and vi) the Debtor's monthly medical expenses of $515.00 listed in his schedules are "very high."

### B. *The Second Cause of Action*

Plaintiff's second cause of action requests dismissal of the Debtor's Chapter 7 bankruptcy case. In scatter gun fashion, the Complaint seeks dismissal of the bankruptcy case pursuant to 11 U.S.C. § 707,[2] the court's inherent power to dismiss a bankruptcy case not filed in good faith, and because it would be a substantial abuse to grant this Debtor a discharge. Parsing through the rambling, confusing and often irrelevant allegations, it seems that the essential thrust of the second cause of action is Plaintiff's contention that the Debtor's bankruptcy filing constitutes a substantial abuse of the provisions of Chapter 7 in that this Debtor is not needy and should pay his debts, particularly the monies owing Plaintiff. In support of these assertions, Plaintiff makes rather unusual "allegations." Initially, he recites at length the history of his loan relationship with the Debtor and related debt collection difficulties. Plaintiff then proceeds to detail an elaborate program altering the personal and financial lifestyle of the Debtor and proposes monthly payments of $387.00 to himself and $122.16 to certain other creditors over a five year period. The Complaint contains a laundry list of speculative intrusions into the Debtor's privacy and other conjectures which if realized might implement the Plaintiff's proposed payout program. These intrusions and conjectures include, i) the Debtor's wife entering the work force and obtaining income; ii) the Debtor obtaining overtime income; iii) the application of

---

**2.** The Complaint fails to specify the subsection of Section 707 under which Plaintiff requests dismissal of the case.

tax refunds toward payment of certain creditors; iv) the use of certain deductions on the Debtor's tax returns; v) the discounting of debts to certain creditors; and vi) the reduction of medical expenses.

### C. The Jurisdiction and Venue Statement

The Complaint predicates the jurisdiction of this Court upon 28 U.S.C. § 1334 and 11 U.S.C. §§ 707, 727. Sections 707 and 727, however, are not jurisdictional provisions; they are substantive provisions of the Bankruptcy Code. The Complaint goes on to state that this lawsuit is a core proceeding under 28 U.S.C. "§ 157(b)(2)(5) [sic]"; there is no such provision. Presumably, Plaintiff means 28 U.S.C. § 157(b)(2)(A), (J) and (O). Venue is placed in the United States Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. § 1408. Plaintiff probably means 28 U.S.C. § 1409, which provision relates to the venue of proceedings under title 11 or arising in or related to cases under title 11, and not 28 U.S.C. § 1408. Section 1408 of title 28 deals only with the venue of the bankruptcy case and not proceedings arising thereunder.

## III. DISCUSSION

### A. Motion to Dismiss, Generally

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion of this genre, which would summarily extinguish litigation at an early stage and foreclose factual discovery and presentation, should be treated with the greatest of care. Nonetheless, such a motion is a valuable procedural tool that can weed out litigation that cannot succeed, at great savings in time, effort and expense to litigants and the judicial system. In determining the motion, the court must presume that the factual allegations of the complaint are true and all reasonable inferences are to be made in favor of the non-moving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23

L.Ed.2d 404 (1969). The purpose of a motion to dismiss is to assess the legal sufficiency of a complaint, not to judge the weight of evidence which might be offered in its support. *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980).

However, on a motion to dismiss, it is clear that the court does not have to accept every allegation in the complaint as true in assessing its sufficiency. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 311–18 (2d ed. 1990). The allegations of a complaint must be "well-pleaded" and thus the court need not accept "sweeping and unwarranted averments of fact." *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C.Cir.1987). Legal conclusions, deductions or opinions couched as factual allegations in a complaint are not given a presumption of truthfulness. 2A James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.07[2.–5], at 12–63 to 12–64 (2d ed. 1991). A complaint is subject to dismissal if it fails to allege a required element which is necessary to obtain the relief sought. Moore, *supra*, at 12–68; *see, e.g., Cannon v. University of Chicago*, 648 F.2d 1104, 1109–10 (7th Cir.1981), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 981, 71 L.Ed.2d 117 (1981), *cert. denied*, 460 U.S. 1013, 103 S.Ct. 1254, 75 L.Ed.2d 482 (1983). A motion under Fed.R.Civ.P. 12(b)(6) should also be granted if a bar to relief is apparent from the face of the complaint. Moore, *supra*, at 12–68 to 12–69.

Fed.R.Civ.P. 12(b) provides that to the extent a court decides to consider matters outside of the complaint in ruling on a motion under Rule 12(b)(6), "the motion shall be treated as one for summary judgment." On the basis of this provision, Plaintiff asserts that because the Debtor's counsel submitted an affidavit in support of the Rule 12(b)(6) motion, the Debtor's motion should be converted into one for summary judgment. This assertion is just plain wrong.[3] The affidavit did nothing more than allude to and annex the Com-

---

3. We decline to dignify Plaintiff's request for "reverse summary judgment" (Plaintiff's Memorandum of Law, at P. 11), other than noting that such request is summarily rejected.

plaint, the original bankruptcy petition and accompanying schedules and statement of financial affairs referred to by the Complaint, and the amended bankruptcy schedules and statement of financial affairs, all of which had previously been filed with this Court. It is true that in determining whether to grant a Rule 12(b)(6) motion, a court must focus on the allegations of the complaint. However, this principle surely does not preclude a court in deciding a Rule 12(b)(6) motion from considering exhibits incorporated in the complaint by reference and matters of public record such as orders or other items appearing in the record of a case. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir.1991); *Goldman v. Belden*, 754 F.2d 1059, 1065–66 (2d Cir. 1985); Wright & Miller, *supra*, at 299; *see* Fed.R.Civ.P. 10(c) ("[A]n exhibit to a pleading is a part thereof for all purposes.").

### B. *First Cause of Action*

■ Plaintiff's first cause of action purports to be an objection to the Debtor's discharge. Without identifying the specific statutory provision, the Plaintiff's first cause of action employs the language of 11 U.S.C. § 727(a)(4)(A)–(B). These provisions provide that a discharge in bankruptcy shall be granted unless

(4) the debtor knowingly and fraudulently, in or in connection with the case—

 (A) made a false oath or account;

 (B) presented or used a false claim.

In order to deny a discharge under 11 U.S.C. § 727(a)(4)(A), the debtor must have made a statement under oath which the debtor knew to be false and with intent to defraud. *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251 (4th Cir.1987). Additionally, the false oath made by the debtor must have related to a material matter. *Id; Boroff v. Tully (In re Tully)*, 818 F.2d 106, 110 (1st Cir.1987); *Lewis v. Bujak (In re Bujak)*, 86 B.R. 30, 31 (Bankr. W.D.N.Y.1988) ("The watchwords of a section 727(a)(4) violation are intentionality and materiality."); *Schultz v. Shapiro (In re Shapiro)*, 59 B.R. 844, 849 (Bankr. E.D.N.Y.1986). In order to deny a debtor's discharge under 11 U.S.C. § 727(a)(4)(B),

the debtor must have presented or used, with intent to defraud, inflated or fictitious claims in a bankruptcy case. *See Barr v. Overmyer (In re Overmyer)*, 121 B.R. 272, 282 (Bankr.S.D.N.Y.1990); *MacLeod v. Arcuri (In re Arcuri)*, 116 B.R. 873, 886 (Bankr.S.D.N.Y.1990).

■ A party seeking to bar a debtor from a discharge and concomitant "fresh start," which objective represents the ultimate goal of bankruptcy relief, must articulate well-pleaded allegations establishing the required elements of a cause of action under one or more of the provisions of 11 U.S.C. § 727. Under 11 U.S.C. § 727(a)(4)(A)–(B), these elements include the making of a false statement under oath of a material matter or use of a false claim. In either case, whether it be a false statement under oath or use of a false claim, the wilful intent to defraud is a crucial element of the cause of action. The existence of omissions, misstatements or inaccuracies in bankruptcy petitions or schedules do not necessarily establish fraudulent intent. *In re Lovich*, 117 F.2d 612, 613–614 (2d Cir. 1941); *In re Taub*, 98 F.2d 81, 82 (2d Cir. 1938); *Interfirst Bank Greenville v. Morris (In re Morris)*, 58 B.R. 422, 427 (Bankr. N.D.Tex.1986); *Discenza v. MacDonald (In re MacDonald)*, 50 B.R. 255, 259 (Bankr.D.Mass.1985). Such errors may have been caused by oversight, haste, ignorance, misunderstanding or simple inadvertence. Accordingly, it is particularly important for one seeking to bar a discharge pursuant to 11 U.S.C. § 727(a)(4)(A)–(B) to allege the requisite intent to defraud in the complaint. *See* Fed. R.Civ.P. 9(b) (made applicable herein by Fed.R.Bankr.P. 7009).

■ The allegations of the Complaint purporting to state a cause of action under 11 U.S.C. § 727(a)(4)(A)–(B) are deficient for obvious glaring reasons. First, most of the allegations made do not even assert that the statements made by the Debtor were false. The Complaint alleges that the Debtor could not recall who typed and prepared his bankruptcy petition and schedules; that some of the Debtor's debts represent obligations to friends and family

members; that certain of the debts to friends and members were incurred more than six years ago; and that the Debtor's medical expenses were "very high." Conspicuously absent from the Complaint are any allegations that the Debtor lied when he stated that he could not recall who typed and prepared his bankruptcy petition and schedules; that the Debtor's listed debts to friends and family members are obligations which he in fact does not owe;[4] or that the Debtor's medical expenses were any different than what he represented them to be. Second, the fact that the Debtor overstated his monthly rental obligation and failed to list two annuities are facts insufficient by themselves to constitute a claim under 11 U.S.C. § 727(a)(4)(A). There may have been confusion as to his rent. He could have forgotten about the annuities or thought, quite innocently, that because of their *de minimis* value he did not have to list them. In fact, one of the annuities has no present value while the other has little value ($2,000), and both of them, in any event, are exempt under CPLR § 5205(c)–(d). Under these circumstances, the Debtor's failure to list the two annuities in the original bankruptcy schedules is immaterial as a matter of law. *See Lee Supply Corp. v. Agnew (In re Agnew)*, 818 F.2d 1284, 1290 (7th Cir.1990); *Sprague, Thall & Albert v. Woerner (In re Woerner)*, 66 B.R. 964, 974 (Bankr.E.D.Pa. 1986). It is noteworthy that the Debtor corrected the error in his monthly rental payments and annuity omissions prior to the filing of the Complaint. Lastly, the Complaint is defective in that it fails to allege intent to defraud which, as indicated above, is essential to a cause of action under 11 U.S.C. § 727(a)(4)(A)–(B). The parroting of statutory language in the Complaint does not satisfy the requirement of alleging fraudulent intent.[5]

**4.** Plaintiff seems to be of view that these debts to friends and family are false claims because he thinks there may be state law defenses to actions brought for their collection. Plaintiff's position is wrong as a matter of law. Even assuming the availability of colorable state law defenses, the listed debts constitute debts under the Bankruptcy Code and the Debtor cannot be faulted for exercising his legal right to list them

## C. *Second Cause of Action*

Plaintiff's second cause of action requests out-and-out dismissal of the Debtor's Chapter 7 bankruptcy case. Dismissal is sought pursuant to 11 U.S.C. § 707. Significantly, the Complaint does not identify the particular subsection of Section 707 upon which dismissal is sought. Reference is also made to a substantial abuse of Chapter 7 as a basis for dismissal. Further, the Complaint alludes to the bankruptcy court's inherent power to dismiss a bankruptcy case not filed in good faith. The crux of the Complaint's unfocused allegations, however, seem to hinge upon assertions that the Debtor has the ability to pay his debts. Under either subsection (a) or (b) of Section 707 or the bankruptcy court's inherent power to dismiss a bankruptcy case not filed in good faith, the Complaint fails to state a claim upon which the Debtor's Chapter 7 bankruptcy case can be dismissed.

Section 707 of the Bankruptcy Code deals with dismissal of Chapter 7 bankruptcy cases and reads as follows:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

so as to preserve their discharge. 11 U.S.C. § 101(12), § 101(5)(A) and § 523(a)(3).

**5.** Contrary to all known authority, Plaintiff argues (Memorandum of Law at P. 5) that fraudulent intent is not a necessary element for a cause of action under 11 U.S.C. § 727(a)(4)(A)–(B).

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

Title III of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub L. No. 98–353, 98 Stat. 333, 355 ("the 1984 Act") added the so-called consumer credit amendments to the Bankruptcy Code. The consumer credit amendments added by the 1984 Act "were aimed primarily at stemming the use of Chapter 7 relief by un-needy debtors." *In re Walton*, 866 F.2d 981, 983 (8th Cir.1989); *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989) ("These amendments were passed in response to an increasing number of Chapter 7 bankruptcies filed each year by non-needy debtors."). Included in these amendments was a new subsection (b) added to Section 707 of the Bankruptcy Code; Section 707 as originally enacted in 1978 was left unchanged, but redesignated as subsection (a) with the addition of subsection (b).

 The principal factor to be considered in determining substantial abuse under subsection (b) of Section 707 is the debtor's ability to repay the debts for which a discharge is sought. *Zolg v. Kelly III (In re Kelly III)*, 841 F.2d 908, 914 (9th Cir.1988) (citing caselaw). The recognition of a debtor's ability to pay his debts as cause for dismissal of a Chapter 7 case marked a significant change from the Bankruptcy Reform Act of 1978 as originally enacted. In discussing Section 707 prior to its being amended by the addition of subsection (b), both the House and Senate Reports underlying the Bankruptcy Reform Act of 1978 stated in unmistakable terms as follows:

This section [now § 707(a)] authorizes the court to dismiss a liquidation case only for cause, such as unreasonable delay by the debtor that is prejudicial to creditors or nonpayment of any fees and charges required under Chapter 123 of title 28. These causes are not exhaustive, but merely illustrative. The section [now § 707(a)] does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory Chapter 13, in lieu of the remedy of bankruptcy. The Committee has rejected that alternative in the past, and there has not been presented any convincing reason for its enactment in this bill.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978), U.S.Code Cong. & Admin.News 5787 (1978).

Under intense pressure from the consumer credit industry, the Congress altered its position in 1984 and enacted Section 707(b). However, given the policy of granting a fresh start for debtors which bankruptcy favors and the potential that Section 707(b) could open up a pandora's box of oppression and harassment from hostile creditors, the Congress imposed strict limitations on Section 707(b). First, a dismissal request under Section 707(b) cannot be initiated "at the request or suggestion of any party in interest," thus precluding a creditor from seeking, directly or indirectly, a Section 707(b) case dismissal. Second, the debts in the case must be "primarily consumer debts." Third, even where a Section 707(b) claim is properly initiated and prosecuted against a debtor with primarily consumer debts, there is a statutory "presumption in favor of granting the relief requested by the debtor," i.e., in favor of granting a discharge and denying a Section 707(b) dismissal request. In sum, any close calls are to be made in favor of the debtor under Section 707(b).

 The Complaint which was filed approximately seven years after enactment of the 1984 Act fails, as indicated above, to specify the subsection of Section 707 upon which Plaintiff predicates his request to dismiss the Debtor's Chapter 7 case. This

omission, we believe, was a calculated one. Plaintiff alleges substantive abuse, asserting that the Debtor has the ability to pay his debts. It is clear that Plaintiff has no standing to allege substantial abuse under Section 707(b) because he is a party in interest, i.e., a creditor. Further, Section 707(b) is foreclosed to Plaintiff because the Debtor, according to the Complaint, is not a person with primarily consumer debts. On the other hand, in light of the legislative history, predicating dismissal of the Debtor's Chapter 7 case pursuant to Section 707(a) on an asserted ability to repay debts is also problematic. Faced with this dilemma, Plaintiff left his second cause of action deliberately vague. Only after the Debtor moved to dismiss Plaintiff's second cause of action, pointing out the unavailability of Section 707(b) to Plaintiff, did the Plaintiff in his Memorandum of Law state that his second cause of action was based on Section 707(a). Nonetheless, in that same Memorandum of Law, Plaintiff cites Section 707(b) cases such as *In re Higginbotham*, 111 B.R. 955 (Bankr. N.D.Okl.1990) and *In re Johnson*, 115 B.R. 159 (Bankr.S.D.Ill.1990) as support for his second cause of action. It was not until oral argument, and in response to questions from the Court, that Plaintiff's counsel stated unequivocally that the statutory predicate for the second cause of action is Section 707(a) and not Section 707(b).

The Debtor earns a modest income as a laborer in the unstable construction industry. His spouse is a housewife caring for their two young children. Their assets are nominal. The Complaint alleges that assuming the Debtor's wife goes to work and he works overtime, that tax refunds of the Debtor are strategically employed, that certain tax deductions are taken by the Debtor, that medical expenses are reduced and certain debts ignored, the Debtor has the ability to pay selectively his creditors, particularly Plaintiff. Based on these allegations, Plaintiff charges that the Debtor's Chapter 7 filing constitutes a substantial abuse[6] and concludes therefrom that

"cause" exists for dismissal under Section 707(a).

■ Putting aside all other issues raised by Plaintiff's invalid "Chapter 13 plan" for the Debtor, Plaintiff would have this Court take the typical ability to pay considerations relevant to Section 707(b) and impermissibly apply them to a dismissal request under Section 707(a). From all the allegations of the second cause of action, it is abundantly clear that this is not an egregious case. There are no allegations of excessive expenditures, lavish lifestyles, significant income or assets, concealed or misrepresented sources of income and/or assets of any significance. Under the allegations of this Complaint, to permit a Section 707(b) type inquiry under the rubric of a Section 707(a) dismissal request would countenance easy circumvention of the limitations upon dismissals for substantial abuse incorporated into Section 707(b). The prohibition of creditor-initiation expressly provided by Section 707(b) would be eviscerated. The limitation of Section 707(b) only to debtors whose debts are primarily consumer debts would be written out of the Bankruptcy Code. And, the statutory presumption of Section 707(b) in favor of granting the relief requested by the debtor would be lost. As one bankruptcy court succinctly summed it up, "we may not open the door for this creditor under § 707(a) where Congress closed it under § 707(b)." *First Trust Co. v. Frisch (In re Frisch)*, 76 B.R. 801, 804 (Bankr. D.Colo.1987).

Having failed to state a cause of action for which relief can be granted under either subsection (a) or (b) of Section 707, Plaintiff's further effort to pry the door to dismissal open on the same allegations— this time repackaged under the guise of the bankruptcy court's inherent equity power to dismiss cases not filed in good faith—is similarly unavailing.

### D. *Leave to Amend Complaint*

■ Fed.R.Civ.P. 15(a) provides that "leave [to amend a pleading] shall be freely

---

**6.** Plaintiff uses interchangeably the charges of substantial abuse and a bad faith bankruptcy

filing as "cause" under Section 707(a).

given when justice so requires." However, this case is unlike the usual one in which leave to amend is freely to be given. The totality of deficiencies in the Complaint are so vast. Such deficiencies include incorrect jurisdictional and venue statements, failure to state particular statutes or code sections relied upon by Plaintiff, failure to include allegations of essential elements of causes of action and the general unacceptable quality of the pleading. Further, the Complaint includes a transparent attempt by Plaintiff to circumvent express statutory limitations governing dismissal of Chapter 7 cases. Accordingly, justice in this case requires dismissal of the Complaint, with prejudice, and without leave to replead. To permit amendment to this Complaint, in our view, would place a judicial imprimatur upon an engine of oppression and harassment against this Debtor.

## IV. CONCLUSIONS OF LAW

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157(a) and the standing order of reference adopted by United States District Court for the Eastern District of New York.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J) and (O).

3. The Complaint fails to state a cause of action under 11 U.S.C. § 727(a)(4)(A)–(B).

4. The Complaint fails to state a cause of action under either subsection (a) or (b) of 11 U.S.C. § 707, or the inherent equity powers of the bankruptcy court.

5. The Debtor's motion to dismiss the Complaint is granted pursuant to Fed. R.Civ.P. 12(b)(6), made applicable hereto by Fed.R.Bankr.P. 7012.

6. The dismissal of the Complaint is with prejudice and without leave to replead.

AN ORDER CONSISTENT WITH THIS DECISION IS BEING ENTERED SIMULTANEOUS HEREWITH.