In re MR. GOODBUYS OF NEW YORK CORP., INC., et al., Debtors.

Howard P. GOODMAN, Plaintiff,

v.

MR. GOODBUYS OF NEW YORK CORP., INC., et al., Defendants.

Bankruptcy No. 191–13193–352.
Adv. No. 192–1049–352.

United States Bankruptcy Court,
E.D. New York.

Feb. 18, 1994.

Togut, Segal & Segal by Albert Togut, New York City, for debtors-defendants.

Teitelbaum, Braverman & Borges, New Hyde Park, NY, for Creditors Committee.

Howard P. Goodman, pro se.

*DECISION ON MOTION TO DISMISS SECOND AND SOLE REMAINING CLAIM FOR RELIEF AND TO EXPUNGE PLAINTIFF'S PROOF OF CLAIM (CLAIM NO. 833)*

MARVIN A. HOLLAND, Bankruptcy Judge:

## PARTIES

The Plaintiff, Howard P. Goodman [hereinafter "Goodman" or "Plaintiff"], seeks sever-

ance pay and damages from the Debtors–Defendants under the Worker Adjustment and Retraining Notification Act [hereinafter "WARN"]. (29 U.S.C. §§ 2101–2109.) Goodman also seeks to recover under his Proof of Claim No. 833 filed March 4, 1992, in the matter of Mr. Goodbuys of New York Corp., Inc., et al. [hereinafter "Claim"]. Goodman is acting *pro se.*

The Defendants are the Debtors, Mr. Goodbuys of New York Corp., Inc., et al., and the other post-confirmation Debtors–Defendants [collectively hereinafter "Debtors–Defendants"].

At a hearing on September 16, 1992 and pursuant to Fed.R.Civ.P. 12(b) made applicable to this proceeding by Fed.R.Bankr.P. 7012, the Debtors–Defendants moved for an order dismissing the second and sole remaining claim for relief asserted in the Plaintiff's Complaint [hereinafter "Complaint"] and to expunge the Claim filed by the Plaintiff against the Debtors–Defendants.

## ISSUES

The sole issue is whether Goodman falls within any of the protected classes established by WARN.

## DECISION

For reasons that follow, we hold that Goodman has not stated a claim for severance pay and damages under WARN. The motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b) and the motion to expunge Claim No. 833 will be granted.

## PROCEDURAL HISTORY

On May 17, 1991, the Debtors–Defendants filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court. (Docket No. 191–13193–352 at 1–2.) Thereafter, the Debtors–Defendants continued in operation of their businesses and management of their assets as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. (Defendants' Brief to the United States District Court, E.D.N.Y., dated January 25, 1993, at 5.) By Order, dated

February 21, 1992, the Debtors–Defendants' Second Amended Consolidated Chapter 11 Plan was confirmed. (Docket No. 191–13193–352 at 64.) The Debtors–Defendants' Plan provides for the liquidation of all of the Debtors–Defendants' tangible and intangible assets. (Defendant's Application for Dismissal of the Adversary Complaint, dated August 31, 1992, at 3, [hereinafter "Motion to Dismiss"].) The proceeds thereof, less the liquidation expenses and other costs associated with the "winding down" of the Debtors–Defendants' businesses, are to be distributed to creditors. *Id.*

On February 13, 1992, Goodman commenced an adversary proceeding against Debtors–Defendants asserting four claims for relief.[1] On June 17, 1992 after a hearing, the Court, pursuant to Fed.R.Civ.P. 12(b) made applicable here by Fed.R.Bankr.P. 7012, dismissed the Complaint in its entirety. (Adversary Docket No. 192–1049–352 at 3.) The order dismissing the Complaint was signed by Judge Holland on June 30, 1992 [hereinafter "Dismissal Order"]. *Id.* at 4. Prior to actual entry of the Dismissal Order, Goodman moved, dated June 25, 1992, for reconsideration of the Court's ruling on the Motion to Dismiss. *Id.* at 3. After a hearing on July 29, 1992, the Court denied the motion, except as to the second claim, respecting Goodman's alleged entitlement to damages for failure of adequate notice under WARN. *Id.* at 4. The Court set a return date of September 8, 1992 for any motions with respect to this remaining issue. *Id.* The Debtors–Defendants filed a Motion to Dismiss the second and sole remaining claim for relief on September 3, 1992. *Id.* This Court reserved decision on this issue and signed the Reconsideration Order on September 16, 1992. *Id.* at 5.

Concurrent with the Complaint, Goodman filed the Claim for an administrative expense. The basis for the Claim is identical to that set forth in the Complaint.[2] (Debtors–Defendants' Memorandum of Law, filed September 3, 1992, at 6.) The Claim requested damages of $183,667, the same amount sought by the Complaint. (Motion to Dismiss at 3; Plaintiff Admits: Plaintiff's Answer to Motion to Dismiss, dated September 8, 1992, Para. 9, [hereinafter "Answer"].) At a hearing on April 10, 1992, the Debtors–Defendants moved to expunge certain claims, including the Claim, on the grounds that no monies were owed to Goodman. (Notice of Motion No. 19 to Expunge Certain Claims, filed April 10, 1992, Sch. A–19 at 5.) At the hearing held on June 17, 1992, the Court considered the Debtors–Defendants' Claim Motion. (Docket No. 191–13193–352 at 152.) The Court gave Goodman permission to file an amended Proof of Claim by June 29, 1992. *Id.* The Court did not extend this deadline. Goodman failed to file an amended Proof of Claim on or before June 29, 1992. (Motion to Dismiss at 7.) At the hearing on July 29, 1992, this Court noted that it would clarify the status of the Claim when a decision was reached on the Complaint. (Tr. 7/29/92 at 8–9.)

### FACTS

Shortly before the commencement of this Chapter 11 proceeding, Goodman was hired by the Debtors–Defendants to be their Chief Financial Officer. (Motion to Dismiss at 3; Plaintiff admits: Answer Para. 7.) The terms of Goodman's employment were generally set forth in a letter, dated May 9, 1991, from Stephen W. Underwood, the Debtors–Defendants' then President and Chief Executive Officer. (Motion to Dismiss, Ex. 1; Plaintiff admits: Answer Para. 7.) Goodman's employment with Debtors–Defendants

1. Specifically, Goodman's Complaint asserted the following four claims for relief: 1) $65,000 as severance pay pursuant to the terms of an Employment Letter, Plaintiff's Complaint, filed February 13, 1992, Para. 10 ("Plaintiff's Complaint"), 2) $21,667 under WARN, (Plaintiff's Complaint Para. 12), 3) $32,000 for lost wages which Goodman alleged he could have earned if he had been hired by Alco, the Going–Out–of–Business Sales Consultants, (Plaintiff's Complaint Para. 14), and 4) $65,000 for damages allegedly suffered by Goodman due to his "wrongful termination for cause." (Plaintiff's Complaint Para. 16). These claims total $183,667.

2. Without citing any authority, the Plaintiff assumes that he has greater rights under the Proof of Claim than under the Adversary Complaint. (Answer, Para. 13).

was terminated on or about September 28, 1991. (Plaintiff's Complaint Para. 6.) The parties disagree as to whether Goodman's termination was for cause or due to the bankruptcy. (Motion to Dismiss at 3; Answer Para. 7.)

At the time the Chapter 11 cases commenced, the Debtors–Defendants employed in total about 1200 persons. (Debtors–Defendants' Memorandum at 5, the Plaintiff did not address this fact.) Mass layoffs associated with the bankruptcy occurred when stores were closed in late January/early February 1992. (Motion to Dismiss at 8; Plaintiff states that this fact is not relevant: Answer Para. 21.)

### STANDARD FOR DISMISSAL OF A COMPLAINT

Fed.R.Civ.P. 12(b)(6) made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7012(b), provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Since this motion occurs at an early stage in the litigation and forecloses factual discovery and presentation, it should be carefully scrutinized. *In re Natale,* 136 B.R. 344, 348 (Bankr. E.D.N.Y.1992). Fed.R.Civ.P. 12(b)(6) motions are valuable procedural tools, however, to eliminate fruitless litigation, saving litigants and the judiciary much time, effort, and expense. *Id.*

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) examines only the legal sufficiency of the complaint and does not make any factual determination. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980); *Wiener v. Napoli,* 760 F.Supp. 278, 282 (E.D.N.Y. 1991). The standards, which courts use, to determine the legal sufficiency of a complaint under a Fed.R.Civ.P. 12(b)(6) motion are well-known. First, the court's inquiry is limited to the four corners of the complaint and any statements or documents, which are attached as exhibits or clearly incorporated by reference in the pleadings. *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991); *Kopec v. Coughlin,* 922 F.2d 152, 155 (2d Cir.1991);

*Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985).

Second, the level of specificity required in pleading a cause of action is regulated by Fed.R.Civ.P. 8(a), made applicable to this proceeding by Fed.R.Bankr.P. 7008. This Rule requires that complaints need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). While the plaintiff need not set out in detail the facts upon which a claim is based, he must still allege sufficient facts to outline the cause of action. *Doe v. St. Joseph's Hosp.,* 788 F.2d 411, 414 (7th Cir.1986); *Albert v. Dun & Bradstreet, Inc.,* 91 F.Supp. 283, 284 (S.D.N.Y.1950). The pleader must disclose adequate information to support his claim for relief, not just a bare averment that he wants relief and is entitled to it. *Nagler v. Admiral Corp.,* 248 F.2d 319, 324 (2d Cir.1957); *In re Kelton Motors Inc.,* 121 B.R. 166, 188 (Bankr.D.Vt.1990).

Third, courts must also view the complaint in the light most favorable to the nonmoving party. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686; *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). Essentially, courts will accept as true the pleader's description of events, as well as any reasonable inferences that may be drawn therefrom. *Doe,* 788 F.2d at 414; *Wiener,* 760 F.Supp. at 282; *In re Nemko, Inc.,* 136 B.R. 334, 339 (Bankr.E.D.N.Y.1992).

Courts do not view motions to dismiss favorably and, therefore they are rarely granted. *Nagler,* 248 F.2d at 322; *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). A court will only dismiss a complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102. In addition, since *pro se* litigants are held to less stringent standards than trained lawyers, courts must give *pro se* complaints even more leeway. *Haines*

*v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) *(per curiam),* rehearing denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *Branum v. Clark,* 927 F.2d 698, 704–05 (2d Cir.1991). There are limits to these standards, even for *pro se* litigants, however. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986). Under these liberal rules, any litigant must still fairly put a defendant on notice of the asserted claims and the essential bases therefor, including the operative facts. *Strauss v. City of Chicago,* 760 F.2d 765, 767, 768 (7th Cir.1985); *Kaylor v. Fields,* 661 F.2d 1177, 1183 (8th Cir.1981); *Duncan v. AT & T Commun., Inc.,* 668 F.Supp. 232, 234 (S.D.N.Y.1987). A complaint does not provide adequate notice when it fails to plead the relevant facts giving rise to the injury. *See, e.g., Duncan,* 668 F.Supp. at 234. Courts do not have to conjure up questions never squarely presented to them, *Beaudett,* 775 F.2d at 1278, nor do they need to strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint. *Coates v. Illinois State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir.1977); *See also Duncan,* 668 F.Supp. at 234. The allegations in a complaint must contain more detail than "sweeping legal conclusions cast in the form of factual allegations," "footless conclusions of law," or "conclusory allegations, which are unsupported by any factual assertions." *Papasan v. Allain,* 478 U.S. 265, 284, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986); *United States v. Bonanno Organized Crime Family,* 683 F.Supp. 1411, 1428 (E.D.N.Y.1988), *affirmed,* 879 F.2d 20 (2d Cir.1989); *In re Natale,* 136 B.R. at 348; *In re Kelton Motors, Inc.,* 121 B.R. at 188; *See also Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C.Cir.1987); *Pauling v. McElroy,* 278 F.2d 252, 253–54 (D.C.Cir. 1960), *cert. denied,* 364 U.S. 835, 81 S.Ct. 61, 5 L.Ed.2d 60 (1960); *Ryan v. Scoggin,* 245 F.2d 54, 57 (10th Cir.1957).

## DISCUSSION

The WARN Act, sometimes referred to as the "Plant Closing Law," was enacted in 1988 to give employees and communities transition time to adjust to the effects of mass layoffs and plant closings. (20 CFR Part 639.1 provided in Motion to Dismiss, Ex. 7 at 280, [hereinafter "Ex. 7"].) Pursuant to WARN, the United States Department of Labor issued guidelines for implementation of the WARN Act. (20 CFR Part 639 et seq.[3] Ex. 7.) The guidelines include the following provisions:

An employment loss means a termination, *other than for cause,* voluntary, or retirement. (29 U.S.C. § 2101(a)(6); 20 CFR Part 639.3(4)(f) (emphasis added). Ex. 7 at 282.)

A "plant closing" is the shutdown of a single site of employment, if the shutdown results in an employment loss of 50 or more employees within a *30–day period.* (29 U.S.C. § 2101(a)(2); 20 CFR Part 639.3(4)(b) (emphasis in CFR). Ex. 7 at 282.)

A "mass layoff" is a reduction in force which is not a plant closing, and which results in an employment loss at a single site, if during *any 30–day period* at least 33 percent of the active employees and at least 50 employees are affected or at least 500 employees. (29 U.S.C. § 2101(a)(3); 20 CFR Part 639.3(4)(c) (emphasis in CFR). Ex. 7 at 282.)

In addition, if there are layoffs of two or more groups at a single site of employment, which in total exceed the minimum levels for a plant closing or mass layoff (noted above) over a 90–day period, then the employer must demonstrate that the two layoffs are separate and distinct actions, and not an attempt to evade WARN. (29 U.S.C. § 2102(d).)

"Affected employees" means employees who may reasonably expect to experience an *employment loss as a consequence of a plant closing or mass layoff.* (29 U.S.C. § 2101(a)(5); 20 CFR Part 639.3(4)(e) (emphasis added). Ex. 7 at 282.)

WARN requires employers who are planning a plant closing or mass layoff to give affected employees at least 60 days' notice of

---

**3.** The final regulations of the Department of Labor appear to meet the criteria of "substantive rules and therefore, are entitled to the force and effect of law." *Chrysler Corporation v. Brown,* 441 U.S. 281, 282, 99 S.Ct. 1705, 1708, 60 L.Ed.2d 208 (1979).

such action. (29 U.S.C. § 2102; 20 CFR Part 639.2. Ex. 7 at 281.)

We need not reach possible questions arising out of the facts, well-pleaded or otherwise, for on the face of his pleadings, the Plaintiff's claim does not entitle him to relief. The factual allegations in Goodman's pleadings, even if accepted as true, do not bring him within the scope of WARN. Whether or not Goodman was terminated for cause, Goodman does not allege that he was terminated as a result of a plant closing or a mass layoff. Debtors–Defendants' site closings and mass layoffs were in late January/early February of 1992. Goodman was terminated on September 27, 1991. This is more than 90 days prior to the mass layoffs. Goodman does not qualify as an affected employee and the provisions of WARN cannot apply to him.

Goodman's pleadings merely refer to the statute, misconstruing its content and offering no factual or legal support for the conclusions of law therein. Even under the liberal standard applied in reviewing a *pro se* litigant, Goodman's complaint offers sweeping legal conclusions cast in the form of factual allegations, without any cites to or accurate interpretation of the statute. This Court finds that Goodman has not alleged an adequate claim for relief for severance pay and damages under WARN.

The Claim is based upon identical theories of recovery and the requested damages are the same as those asserted in the Complaint. The motion for the claim must be resolved consistently with the Complaint. (Tr. 7/29/92 at 8–9.) Since the Claim is based on the same grounds as the Complaint and since the Complaint was dismissed for failure to state grounds constituting a basis for relief, Claim No. 833 is expunged. Even if the grounds for the Claim were different from the grounds of the Complaint, the claim would be expunged since Goodman failed to file an amended proof of claim by June 29, 1992, which was the date to which the Court extended the October 18, 1991 bar date for this claim.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) and the Standing Order of Referral of Cases to Bankruptcy Judges for the Eastern District of New York dated August 28, 1986, 69 B.R. 186 (Weinstein, C.J.). This a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. Debtors–Defendants' Motion to Dismiss the remaining cause of action pursuant to Fed.R.Civ.P. 12(b) was timely filed. Since the Court's earlier dismissal of this claim (Order of June 30, 1992) put the Plaintiff on notice of the inadequacy of his pleading, he may not yet again replead. The Debtors–Defendants' Motion for Dismissal is granted, and the Plaintiff's Complaint is dismissed with prejudice.

3. Claim No. 833 is expunged, not only because the Debtors–Defendants failed to file it prior to expiration of the extended bar date, but also because under any conceivable amendment, the claimant would not be entitled to any portion of that which he now claims.

Settle judgment in accordance with this decision.