In re Betty Jean HENDERSON, Debtor.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Betty Jean HENDERSON and James J. O'Connell, Trustee, Defendants.

Bankruptcy No. 81–00021G.

Adv. No. 82–0800G.

United States Bankruptcy Court, E. D. Pennsylvania.

June 28, 1982.

Esther L. Hornik, Cozen, Begier & O'Connor, Philadelphia, Pa., for plaintiff, Federal Nat. Mortg. Assn.

Janet M. Sonnenfeld, Philadelphia, Pa., for debtor/defendant, Betty Jean Henderson.

James J. O'Connell, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the first mortgagee of the debtor's residence is entitled to relief from the automatic stay provisions of § 362(a) of the Bankruptcy Code ("the Code") to permit it to proceed with mortgage foreclosure. We conclude that the mortgagee is not entitled to such relief because we find that the debtor has equity in the property and that the mortgagee's interest is adequately protected by the FHA mortgage insurance and by the debtor's offer to make periodic payments to the mortgagee, directly and through her chapter 13 plan.

The facts of the instant case are as follows:[1] On January 5, 1981, Betty Jean Henderson ("the debtor") filed a petition for an adjustment of her debts under chapter 13 of the Code. Thereafter, the Federal National Mortgage Association ("FNMA"), the assignee of a first mortgage on the debtor's residence located at 5521 Delancey Street, Philadelphia, Pennsylvania, filed the instant complaint for relief from the stay to permit it to proceed with mortgage foreclosure against that property.

Section 362(d) of the Code provides when relief from the stay shall be granted:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.[2]

At the trial of the instant complaint, FNMA offered evidence that the total amount due on its mortgage was $8,920.54 and that the last regular mortgage payment had been made in April, 1979, although the debtor had made four current mortgage payments since filing her chapter 13 petition in January, 1981.[3] FNMA also offered evidence, through the testimony of an expert real estate appraiser, that the fair market value of the debtor's residence was $10,000.00. In addition, FNMA offered the testimony of an associate of the standing trustee that the trustee's records show that the debtor had made only $640.00 in payments to the trustee since the filing of her chapter 13 plan.[4]

In rebuttal, the debtor offered the testimony of an expert real estate appraiser who testified that the fair market value of the property was $13,500.00. The debtor also elicited, through cross-examination of an employee of FNMA, testimony that FNMA's mortgage was FHA-insured and that from 1969 to 1979 the debtor had made all of her regular mortgage payments to FNMA. Furthermore, the debtor testified herself that she had paid the trustee a total of $1,050.00 and had receipts to support that statement. The debtor stated however that, because the trustee had only been able to find a record of $640.00 in payments, she had had to put tracers on the missing mon-

ey orders which had not been completed as of the date of the trial. In addition, the debtor testified that she had filed an application and received an order for an abatement of her payments to the trustee for a period of four months when she missed making payments to the trustee because of surgery she had undergone. The debtor also stated that she had recently amended her chapter 13 plan, reducing her payments thereunder,[5] so that she could afford to pay FNMA. Additionally, the debtor stated that she had been making regular payments to the second mortgagee on the property and that that mortgage would be completely paid by September, 1982, thereby freeing additional money for the payment of her obligation to FNMA. As an excuse for her failure to pay anything other than four current monthly mortgage payments to FNMA since the filing of her chapter 13 petition, the debtor stated that she had been advised by her former attorney to stop payments to FNMA. Finally, the debtor testified that she would be unable to find comparable rental housing for her and her family for less than $300.00 per month if she lost her house.

Based on all of the above testimony, we conclude that FNMA is not entitled to relief from the stay under § 362(d). First, under § 362(d)(2) we find that the property is worth between $10,000.00 and $13,500.00 while the evidence shows only about $9,300.00 in liens on that property.[6] Consequently, we conclude that the debtor does have a minimal equity in that property. Furthermore, we conclude that the property is necessary for an effective reorganization of the debtor[7] because of the debtor's testimony that she would be unable to find

2. 11 U.S.C. § 362(d).

3. The amount of the current mortgage payments to FNMA are $140.00 per month.

4. *The debtor's plan provided for payments of $160.00 per month.* Standing Order # 21 which directs the debtors to begin making the payments required by their plans was sent to the debtor in this case on April 27, 1981. On May 13, 1982, we granted the debtor's application to amend her plan by extending it to a 48 month plan and to reduce her monthly payments under the plan to $84.00.

5. *See note 4 supra.*

6. The total due on the first mortgage of FNMA was given as $8,920.54 by FNMA's witness while the debtor testified she owed only $400.00 to the second mortgagee.

7. The requirement of § 362(d)(2)(B) that the property not be necessary for an effective reorganization in order to get relief from the stay has been held to be applicable to cases under chapter 13 of the Code. *See, e.g., In re Garner,* 18 B.R. 369, 8 B.C.D. 1115 (S.D.N.Y.1982); *In re Crouse,* 9 B.R. 400, 7 B.C.D. 454 (Bkrtcy.S.D.

comparable rental property for her family at an amount equal to what her current payments to her mortgagees are.[8] Consequently, we conclude that FNMA is not entitled to relief from the stay pursuant to § 362(d)(2).

With respect to § 362(d)(1), we conclude that FNMA is likewise not entitled to relief from the stay thereunder because there is ample evidence that the interest of FNMA is adequately protected. First, the fact that FNMA's mortgage is FHA-insured does provide FNMA with protection of its interest.[9] Second, the debtor has provided for periodic payments [10] to the trustee, part of which will go to FNMA on account of the arrearages due on its mortgage. We accept as credible the testimony of the debtor that she has made (or been excused from making) almost all of the required payments to the trustee to date.[11] Third, we also accept the debtor's explanation that she stopped making her current mortgage payments to FNMA on the advice of her former counsel. Although such an explanation is of no aid to FNMA, we conclude that the debtor's expression of an intention to begin those payments again and to increase those payments in September (when the second mortgagee is paid off) show an honest attempt to rehabilitate her financial condition. We conclude that, given the above factors, FNMA's interest is adequately protected. Consequently, we will deny its request for relief from the stay.

---

Tex.1981); *In re McAloon*, 1 B.R. 766, 5 B.C.D. 1207 (Bkrtcy.E.D.Pa.1980). *But see, In re Branch*, 10 B.R. 227, 7 B.C.D. 540, 4 C.B.C.2d 105 (Bkrtcy.E.D.N.Y.1981); *In re Feimster*, 3 B.R. 11, 6 B.C.D. 131 (Bkrtcy.N.D.Ga.1979).

8. The debtor currently pays $220.00 per month on her mortgages ($140.00 to FNMA and $80.00 to the second mortgagee) and stated that she could not obtain comparable housing for less than $300.00 per month.

9. *See, e.g., In re DiBona*, 9 B.R. 21 (Bkrtcy.E.D. Pa.1981); *In re Roane*, 8 B.R. 997, 3 C.B.C.2d

747 (Bkrtcy.E.D.Pa.), *aff'd* 14 Bankr. 542 (E.D. Pa.1981).

10. Section 361(1) of the Code states that adequate protection can be provided under § 362 by making periodic cash payments. 11 U.S.C. § 361(1).

11. The debtor testified that she had paid the trustee $1,050.00 which represents over 6½ payments and she obtained an abatement for 4 monthly payments. This represents 10½ payments out of 13 payments due from May, 1981, to June, 1982.