**Kandy J. RYAN, Debtor.**

**No. 01–01623–C.**

United States Bankruptcy Court,
N.D. Iowa.

Sept. 26, 2001.

Leslie E. Stokke, Cedar Rapids, IA, for Debtor.

Thomas Fiegen, Cedar Rapids, IA, for Creditor Duane Huinker.

Renee K. Hanrahan, Cedar Rapids, IA, Chapter 7 Trustee.

## ORDER RE CREDITOR

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on August 28, 2001 on Creditor Duane Huinker's Motion to Convert Case

to Chapter 11 Reorganization. Debtor Kandy J. Ryan was represented by attorney Leslie Stokke. Renee Hanrahan appeared as Chapter 7 Trustee. Mr. Huinker was represented by attorney Thomas Fiegen. Assistant U.S. Trustee John Schmillen was also present at the hearing. After hearing arguments of counsel, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Creditor Duane Huinker moves to convert this case to Chapter 11 pursuant to 11 U.S.C. § 706(b). Mr. Huinker is an unsecured creditor. He asserts Debtor is eligible to be a debtor under Chapter 11. He argues Debtor has overstated her monthly expenses and has the ability to repay a significant portion of her unsecured creditors under a plan of reorganization. Mr. Huinker asserts it is inequitable to allow Debtor to receive a Chapter 7 discharge when she has the ability to pay unsecured creditors in full over 60 months through a Chapter 11 plan of reorganization.

Debtor asserts Chapter 11 is neither applicable nor appropriate to her financial situation. She points out she does not have a business to organize but only has personal earnings. Debtor denies conversion to Chapter 11 would be in the best interests of creditors. She requests an award of attorney fees and expenses in defending Mr. Huinker's motion.

Assistant U.S. Trustee John Schmillen filed a response to Mr. Huinker's post-trial brief. He states the U.S. Trustee declined to pursue a motion to dismiss under § 707(b) primarily based on Debtor's pregnancy and marital status. She is single, has a 12-year old child and is expecting a child. Mr. Schmillen points out the cost of day care alone will consume much of Debtors future disposable income.

## CONCLUSIONS OF LAW

A decision under § 706(b) to convert a case from Chapter 7 to Chapter 11 lies within the broad discretionary powers of the Bankruptcy Court. *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1161 (5th Cir.1988); *In re Graham*, 21 B.R. 235, 236 (Bankr.N.D.Iowa 1982). The Court's decision is based on what will most inure to the benefit of all parties in interest. *Id.*

As an individual, Debtor is eligible to be a debtor in a Chapter 11 case. *Toibb v. Radloff*, 501 U.S. 157, 161, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). The Supreme Court has stated there is no requirement that a debtor have an ongoing business to be eligible for a Chapter 11 reorganization. *Id.* Furthermore, Mr. Huinker, an unsecured creditor, has standing to request conversion under § 706(b). *In re Lenartz*, 263 B.R. 331, 335 (Bankr.D.Idaho 2001). This section allows a "party in interest" to request conversion of a case from Chapter 7 to Chapter 11. 11 U.S.C. § 706(b). In contrast, § 707(b) gives standing only to the U.S. Trustee or the court sua sponte to consider dismissal of a Chapter 7 case for substantial abuse. *See In re Passis*, 235 B.R. 562, 567 (Bankr. D.N.J.1999) (Chapter 7 panel trustee lacks standing to file § 707(b) motion); *In re Natale*, 136 B.R. 344, 352 (Bankr.E.D.N.Y. 1992) (creditor as party in interest has no standing under § 707(b)).

In determining whether conversion from Chapter 7 to Chapter 11 under § 706(b) will most inure to the benefit of all parties in interest, including both creditors and debtors, courts consider the factors in § 1112(b) which governs conversion from Chapter 11 to Chapter 7. *In re Finney*, 992 F.2d 43, 45 (4th Cir.1993). As

always, the Court keeps in mind that Chapter 11 embodies the general Code policy of maximizing the value of the bankruptcy estate. *Toibb*, 501 U.S. at 163, 111 S.Ct. 2197. If cause exists to reconvert from Chapter 11 under § 1112(b), conversion from Chapter 7 under § 706(b) would be a futile and wasted act. *In re Eugene Alexander, Inc.*, 191 B.R. 920, 924 (Bankr. M.D.Fla.1994). In *In re Wet–Jet Int'l Inc.*, 235 B.R. 142, 153 (Bankr.D.Mass. 1999), the court placed the burden on the party moving for conversion under § 706(b) to demonstrate the probability of a confirmable plan of reorganization in Chapter 11.

Reasons to convert from Chapter 11 to Chapter 7 include continuing loss to the estate and absence of a reasonable likelihood of rehabilitation, unreasonable delay, denial of confirmation, inability to consummate a confirmed plan, material default with respect to a plan and nonpayment of required fees. 11 U.S.C. § 1112(b). Another factor considered under § 706(b) includes whether the debtor is salaried or has a business to reorganize. *Lenartz*, 263 B.R. at 335. Also, courts look at the debtor's assets, business operations and whether a separate business infrastructure exists. *Wet–Jet Int'l*, 235 B.R. at 153. In *In re Watkins*, 132 B.R. 781, 782 (Bankr.S.D.Fla.1991), the court considered the amount of administrative expenses which would accrue in a Chapter 11 case and whether converting from Chapter 7 to Chapter 11 in order to liquidate was compatible with the purpose of Chapter 11 to rehabilitate the debtor.

Unlike Chapter 13, there is no requirement for Chapter 11 debtors to pay future wages or earnings to fund a plan of reorganization. *Toibb*, 501 U.S. at 166, 111 S.Ct. 2197; *see* 11 U.S.C. § 1322(a)(1). Individual Chapter 11 debtors cannot be compelled to finance a plan with wages. *Lenartz*, 263 B.R. at 335. This court in

*Graham* was concerned that, in the circumstances of the case, a § 706(b) conversion might amount to an order for the individual debtor to work for his prepetition creditors and would thus be, in essence, a mandatory Chapter 13 proceeding which is prohibited by the Code. 21 B.R. at 238; *see also Toibb*, 501 U.S. at 166, 111 S.Ct. 2197 (concern about involuntary servitude not relevant in Chapter 11).

From Mr. Huinker's motion and brief, it appears his arguments for conversion to Chapter 11 more closely resemble § 707(b) arguments for dismissal based on substantial abuse. He candidly urges the Court to sua sponte issue a show cause order why the bankruptcy petition should not be dismissed for "substantial abuse" as a preferred option to conversion to Chapter 11. As noted, only the Court sua sponte or the U.S. Trustee by motion may raise the issue of dismissal for substantial abuse. 11 U.S.C. § 707(b). The substantial abuse inquiry focuses primarily on a debtor's ability to pay creditors, measured by evaluating the debtor's financial condition in a hypothetical Chapter 13 proceeding. *In re Koch*, 109 F.3d 1285, 1288 (8th Cir.1997).

Mr. Huinker's motion asserts Debtor is able to pay creditors over the term of a 60 month reorganization plan, in essence a substantial abuse argument. To permit a § 707(b) type inquiry under the rubric of a § 706(b) conversion request "would countenance easy circumvention of the limitations upon dismissals for substantial abuse incorporated into § 707(b)." *Natale*, 136 B.R. at 352 (refusing to make substantial abuse inquiry in face of § 707(a) request for dismissal). In *In re Freunscht*, 53 B.R. 110, 112 (Bankr.D.Vt.1985), the court granted the debtors costs and attorney fees where a creditor filed a request for conversion under § 706(b). The court concluded the action was brought in bad faith in view of the movant's complete failure to

present any relevant evidence, inability to make out a colorable claim by articulating any grounds whatever for the motion and demeanor at the hearing. *Id.*

## ANALYSIS

 Pursuant to the foregoing, Mr. Huinker has legal standing to request conversion to Chapter 11 under § 706(b). He does not have standing to urge dismissal for substantial abuse under § 707(b). Arguably, Debtor is eligible to be an individual Chapter 11 debtor. Mr. Huinker has the burden to prove grounds for conversion of this case to Chapter 11, including Debtor's ability to reorganize through a Chapter 11 plan of reorganization. In its analysis, this Court would consider whether conversion to Chapter 11 would be futile in light of § 1112(b) which governs reconversion from Chapter 11 to Chapter 7, and whether it would promote the purposes of Chapter 11 to rehabilitate Debtor and maximize the value of her bankruptcy estate.

The Court declines to sua sponte review this case for substantial abuse under § 707(b). In fact, this Court feels that to do so would be in direct contravention of § 707(b) which states that the Court may act "but not at the request or suggestion of any party in interest". 11 U.S.C. § 707(b). Creditor's motion is, in certain aspects, little more than a thinly veiled request to do precisely what § 707(b) prohibits. If Congress had approved or desired the procedure sought by Creditor here, it clearly had the capacity to allow such intervention. Congress elected not to do so, and this Court does not have the authority to do so.

However, if Mr. Huinker feels that, in good faith, he can present credible evidence to support a conversion from Chapter 7 to Chapter 11 under § 706(b), this Court will consider such evidence. Any hearing held will consider only a § 706(b) motion under criteria set forth in this opinion and will not entertain concepts or evidence applicable to § 707(b). The Court will reserve ruling on an award of sanctions and attorney fees until final ruling on this motion.

**WHEREFORE,** Creditor Duane Huinker is not barred, as a matter of law, by the Code from seeking conversion of this case from Chapter 7 to Chapter 11.

**FURTHER,** Creditor Huinker shall notify the Court in writing, not later than October 5, 2001, that he can in good faith proceed with this motion. This pleading shall be signed both by Mr. Huinker and his counsel. If Creditor elects not to proceed, he shall also notify the Court in writing by said date.

**FURTHER,** if Creditor Huinker elects to proceed, a telephonic conference will be held to select an evidentiary hearing date on Creditor's motion as well as Debtor's motion for sanctions.