David M. DECKER and Marilyn L. Decker, Appellants,

v.

OFFICE OF THE UNITED STATES TRUSTEE, Appellee.

Case No. 3:15-cv-00059-SLG
Bankr. Case No. A14-00065-GS

United States District Court,
D. Alaska.

Signed November 2, 2015

814

Robert P. Crowther, Law Office of Robert Crowther, Anchorage, AK, for Appellants.

Thomas A. Buford, III, United States Trustee Program, Seattle, WA, for Appellee.

## ORDER ON APPEAL

Sharon L. Gleason, UNITED STATES DISTRICT JUDGE

Before the Court is an appeal from the United States Bankruptcy Court for

the District of Alaska of an Order Granting Motion to Convert Case to Chapter 11 entered in the bankruptcy case of Appellants David M. Decker and Marilyn L. Decker.[1] The bankruptcy court's order converted the Deckers' Chapter 7 case to a Chapter 11 proceeding without the Deckers' consent. It is undisputed that the Deckers' debt is not primarily consumer debt. Oral argument on appeal was not requested, and the Court finds it was not necessary to the determination of this appeal. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1), which authorizes a district court to hear appeals from final judgments, orders, and decrees issued by the bankruptcy court.[2] For the reasons discussed below, the bankruptcy court's determination will be affirmed.

■ The Deckers present three main challenges to the bankruptcy court's conversion order.[3]

■ First, the Deckers contend that the bankruptcy court erred when it held that 11 U.S.C. § 706(b) authorized it to convert the Deckers' Chapter 7 proceeding to a Chapter 11 proceeding without the Deckers' consent.[4] As this is a legal determination, this Court reviews the bankruptcy court's conclusion de novo.[5]

■ "Where, as here, the resolution of a question of federal law turns on a statute and the intention of Congress, we look first to the statutory language and then to the legislative history if the statutory language is unclear."[6] Section 706, titled Conversion, provides:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

(b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

1. Docket 46, Bankr.Case No. A14–00065–GS (Amended Order).

2. The bankruptcy court's conversion order is appealable because it resolves the discrete issue of whether the case should proceed under Chapter 7 and it affects the Deckers' substantive rights. *See Rosson v. Fitzgerald*, 545 F.3d 764, 769–70 (9th Cir.2008) (holding that order converting case to Chapter 7 is appealable).

3. The Deckers also assert that converting the case without their consent raises constitutional issues, but these arguments were not developed in the bankruptcy court, and this Court will not consider them on appeal. *See Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir.2006) (declining to address new constitutional issue). And in any event, it appears that the Deckers' constitutional claims are not yet ripe–their claims all involve possible injuries that may or may not occur in the course of a Chapter 11 proceeding. *See Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1079 (9th Cir.2010) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998))). The Deckers cite a law review article on the subject, but that article actually supports the Trustee's arguments more than their own. *See* Margaret Howard, *Bankruptcy Bondage*, 2009 U. ILL. L. REV. 191, 217–18 (2009) ("[N]o constitutional problems are found in the fact that a debtor's wages are available to creditors, as long as due process is observed.").

4. Docket 6 (Deckers Opening Br.) at 5–6, 17–19.

5. *See Retz v. Samson*, 606 F.3d 1189, 1196 (9th Cir.2010).

6. *Toibb v. Radloff*, 501 U.S. 157, 161, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991) (quoting *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion.

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

As written in the statute and unlike conversions to Chapters 12 or 13 that are addressed in subsection (c), there is no debtor consent requirement contained in subsection (b) for conversions to Chapter 11. Rather, on request of any party in interest and after notice and a hearing, Section 706(d) only requires "that the debtor may be a debtor under such chapter" before a court may order conversion to Chapter 11. Although only a few courts have considered the issue, the prevailing view is that under the statute's plain language, a bankruptcy court may convert a Chapter 7 case of a debtor with non-consumer debts to a Chapter 11 proceeding without the debtor's consent.[7] The Court agrees—the plain language of 11 U.S.C. § 706(b) makes it clear that a bankruptcy court may convert a Chapter 7 proceeding to a Chapter 11 proceeding without the debtor's consent.

The Deckers' second argument is that notwithstanding the plain language of the statute, the bankruptcy court's construction of § 706(b) conflicts with § 707(b).[8] Section 707(b) allows a court to dismiss a Chapter 7 case of a consumer debtor if the court finds that granting relief "would be an abuse of the provisions of this chapter."[9] Section 707(b) also allows a court to convert such a case to a Chapter 11 or Chapter 13 proceeding, but only with the debtor's consent. Whether a filing is presumptively an abuse is controlled by § 707(b)(2)(A)(i) based on a calculation of the debtor's income and expenses—the "means test." But even if the filing is not presumptively an abuse or the presumption is rebutted, § 707(b) permits a bankruptcy court to dismiss a Chapter 7 proceeding if the court finds that the discharge would be an abuse based on the totality of the circumstances.

The Deckers argue that allowing a bankruptcy court to convert to Chapter 11 without their consent pursuant to § 706(b) makes § 707(b) superfluous because a court will always be able to convert under § 706(b)—for both consumer and non-consumer debtors alike—without going through the procedure laid out in § 707(b).[10] But an overlap in § 706 and § 707 does not mean that the plain language of § 706(b) should be ignored.[11] And

**7.** *See In re Gordon,* 465 B.R. 683, 690–95 (Bankr.N.D.Ga.2012) (holding conversion proper based on plain language of the statute and stating that "[c]onversion to Chapter 11 is an appropriate remedy provided by Congress for a non-consumer debtor with an ability to pay to avoid the same abuses of the bankruptcy system identified in the consumer area"); *In re Schlehuber,* 489 B.R. 570, 573–76 (8th Cir. BAP 2013) (conversion was proper for individual with non-consumer debts); *In re Quinn,* 490 B.R. 607, 621–22 (Bankr. D.N.M.2012) (identifying only two limits on conversion: a request by an interested party and the debtor be a permissible debtor under Chapter 11); *In re Lobera,* 454 B.R. 824, 853–

55 (Bankr.D.N.M.2011) (assuming without deciding conversion was valid); *In re Lenartz,* 263 B.R. 331, 335–36 (Bankr.D.Id.2001) (assuming without deciding that conversion was possible).

**8.** Docket 6 (Deckers Opening Br.) at 24–26.

**9.** 11 U.S.C. § 707(b).

**10.** Docket 8 (Deckers Reply Br.) at 20–26; Docket 6 (Deckers Opening Br.) at 24–25.

**11.** *See Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (stating that redundancies are not un-

in any event, the Deckers, being non-consumer debtors, are not subject to § 707(b), so there is no overlap or conflict in applying § 706(b) to convert their case to Chapter 11.

■■■ Finally, the Deckers assert that the bankruptcy court abused its discretion because it found "material net income, standing virtually alone, mandated conversion."[12] A decision to convert is an abuse of discretion "only if [it is] based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision."[13] Section 706(b) does not provide guidance on what (or what not) to consider when reaching a decision. Thus, courts have held that "[t]he decision whether to convert [under § 706(b)] is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest."[14] "Since there are no specific grounds for conversion, a court 'should consider anything relevant that would further the goals of the Bankruptcy Code.'"[15] Courts have considered various factors, including "(1) the debtor's ability to repay debt; (2) the absence of immediate grounds for reconversion; (3) the likelihood of confirmation of a Chapter 11 plan; and (4) whether the parties in interest would benefit from conversion."[16]

■■■ Although the bankruptcy court began its analysis with consideration of the Deckers' ability to pay, it analyzed far more than just that. It considered whether conversion would be futile or whether there would be no possibility of a confirmable plan. The court analyzed what would maximize the estate and whether an immediate reconversion or dismissal would be required. And the court considered the benefit to the Deckers of a Chapter 11 discharge. The court held that it would help the Deckers resolve the "ongoing dispute" with the Internal Revenue Service that the Deckers had been unable to resolve for "almost a decade." And the court noted that under Chapter 11 the Deckers would be able to "retain the ability to continue to support their adult children." The bankruptcy court concluded that while "conversion may not give Debtors immediate relief, [it could] ultimately result in a better fresh start."[17] On review, the Court finds no abuse of discretion in the bankruptcy court's analysis.

## CONCLUSION

For the foregoing reasons, the Order Granting Motion to Convert Case to Chapter 11 is AFFIRMED.

---

usual, and the court should give effect to both statutes so long as there is no "positive repugnancy" (quoting *Wood v. United States*, 16 Pet. 342, 363, 10 L.Ed. 987 (1842)).

12. Docket 8 (Deckers Reply Br.) at 13–14.

13. *In re Consol. Pioneer Mortgage Entities*, 264 F.3d 803, 807 (9th Cir.2001) (second alteration in original) (quoting *Benedor Corp. v. Conejo Enter., Inc.*, 96 F.3d 346, 351 (9th Cir.1996)).

14. *In re Schlehuber*, 489 B.R. 570, 573 (8th Cir. BAP 2013) (alterations in original) (quot-

ing *In re Willis*, 345 B.R. 647, 654 (8th Cir. BAP 2006)).

15. *In re Gordon*, 465 B.R. 683, 692 (Bankr. N.D.Ga.2012) (quoting *In re Lobera*, 454 B.R. 824, 854 (Bankr.D.N.M.2011)).

16. *In re Hardigan*, 517 B.R. 379, 383 (S.D.Ga. 2014).

17. Docket 46, Bankr.Case No. A14–00065–GS (Amended Order) at 20–25.