# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 18-6032

_____

In re: Teresa Cedreca Edwards

*Debtor*

------------------------------

Teresa Cedreca Edwards

*Plaintiff - Appellant*

v.

The City of Ferguson, a municipal corporation

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 18, 2019
Filed: July 3, 2019

_____

Before SALADINO, Chief Judge, NAIL and SANBERG, Bankruptcy Judges.

_____

SALADINO, Chief Judge.

The Appellant, Teresa Cedreca Edwards, appeals the order of the bankruptcy court[1] granting defendant City of Ferguson's motion for summary judgment and denying Appellant's motion for summary judgment in an adversary proceeding alleging, among other allegations, that the defendant willfully violated the automatic stay provisions of 11 U.S.C. § 362(a)(1), (a)(6) and (k)(1); and for discrimination under 11 U.S.C. § 525(a). We have jurisdiction over this appeal. *See* 28 U.S.C.§ 158(b). For the reasons that follow, we affirm.

## STANDARD OF REVIEW

We review a bankruptcy court's grant of summary judgment de novo*, Mwesigwa v. DAP, Inc.*, 637 F.3d 884, 887 (8th Cir. 2011) (citing *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010)). When an appellate court reviews a trial court's entry of summary judgment de novo, it uses the same standard applied by the trial court pursuant to Federal Rule of Civil Procedure 56(c). *Bremer Bank v. John Hancock Life Ins. Co.*, 601 F.3d 824, 829 (8th Cir. 2010). Under Rule 56(c), summary judgment is proper if the pleadings, affidavits, and other evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings; self-serving allegations or mere assertions of disputed fact are insufficient to defeat the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Bass v. SBC Commc'n, Inc.*, 418 F.3d 870, 872-73 (8th Cir. 2005).

---

[1]The Honorable Kathy A. Surratt-States, Chief United States Bankruptcy Judge for the Eastern District of Missouri.

## FACTUAL BACKGROUND

The relevant facts are not in dispute. Appellant was issued a traffic citation on April 16, 2010, by the City of Ferguson for driving thirty-nine miles per hour in a twenty-five miles per hour school zone. Appellant failed to appear for her court date so the municipal judge issued a warrant for her arrest on June 18, 2010. Appellant was subsequently arrested and released on her own recognizance on March 26, 2015, and a new court date was set. Appellant appeared in court on May 7, 2015, pleaded guilty to speeding in a school zone, and agreed to pay a fine of $149.00.

Appellant did not pay the fine, and the court re-issued a warrant for her arrest. The City of Ferguson also notified the proper Missouri entities of the outstanding fine, which Appellant contends is impeding her ability to renew her driver's license.[2] Since the re-issuance of the arrest warrant on July 15, 2015, the City of Ferguson has not taken any affirmative action to enforce the warrant or collect the fine.

On February 24, 2016, appellant filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and listed the City of Ferguson as a creditor in her bankruptcy schedules. On February 25, 2016, Appellant's attorney notified the City of Ferguson's Municipal Court of the bankruptcy filing and included a letter requesting release of the arrest warrant and issuance of a compliance letter to reinstate Appellant's driver's license. On February 26, 2016, a municipal prosecutor for the

---

[2]This statement is the finding of fact made by the bankruptcy court. In her brief, Appellant asserts that "Upon her failure to pay the fine, Appellee placed Ms. Edwards in warrant status and issued a notice to the Missouri Department of Revenue to place a restriction which suspends Ms. Edwards' driver's license." It is unclear to us whether Appellant's driver's license has actually been suspended by the issuing agency or whether it simply is refusing to renew it. In any event, by oral argument, Appellant was focused on demanding that the City of Ferguson issue some sort of "compliance letter" to allow her license to be renewed despite the non-payment of the traffic fine.

City of Ferguson responded to Appellant's attorney stating the Municipal Judge had the authority to recall the warrant and suggested that counsel file an entry of appearance and an appropriate motion.

Appellant did not seek relief from the Ferguson Municipal court. Instead, she filed an adversary proceeding against the City of Ferguson. The complaint alleged the City of Ferguson willfully violated the automatic stay by refusing to release the warrant for Appellant's arrest and refusing to release Appellant's driver's license without payment of the fine. Appellant also asserted that since she is insolvent and unable to pay the fine, the City of Ferguson is discriminating unfairly against her due to her bankruptcy filing and is denying her a fresh start. Appellant sought actual damages, attorney fees, and punitive damages.

The parties filed cross-motions for summary judgment, and on November 7, 2018, the bankruptcy court granted the City of Ferguson's motion and denied Appellant's motion.

DISCUSSION

Section 362(a) of the Bankruptcy Code provides that upon the filing of a petition in bankruptcy, a stay is imposed upon the commencement or continuation of an action or proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy case. It also prohibits any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. 11 U.S.C. § 362(a)(1) and (6). This is known as the automatic stay.

Appellant describes the issue on appeal as follows: "Is coercion by a municipality to collect a civil debt during a bankruptcy a willful violation of the automatic stay?" If that were truly the issue on appeal, a result in Appellant's favor might seem obvious. However, that sentence is not a proper statement of the issue on

-4-

appeal—it is more akin to an argument. The actual issue on appeal is whether the bankruptcy court erred in granting summary judgment in favor of the City and finding that the City did not violate the automatic stay under 11 U.S.C. § 362(a)(1) and 362(a)(6) when it failed to take post-petition actions to rescind its arrest warrant and issue a compliance letter to assist in reinstatement of Appellant's driver's license.[3]

Appellant takes the position that by failing to take affirmative action to rescind the arrest warrant and issue a compliance letter, the City has willfully violated the automatic stay through coercion by continuing a process to collect a debt that arose before the commencement of the case. The City disagrees and notes the bankruptcy court findings that all of the City's actions (issuance of the warrant and any notices regarding the driver's license) took place well before the bankruptcy case, and that the City has not taken any action in furtherance of the warrant since the bankruptcy filing.

In her brief, Appellant attempts to argue the question of whether mere inaction can, by itself, constitute a violation of the automatic stay. The answer to that question is really not in dispute. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983) (property seized but not yet sold before the filing of the bankruptcy petition is property of the estate subject to turnover requirements of § 542); *Knaus v. Concordia Lumber Co., Inc. (In re Knaus)*, 889 F.2d 773 (8th Cir. 1989) (creditor's failure to turn over assets seized pre-petition violated automatic stay); *In re See*, 301 B.R. 549 (Bankr. N.D. Iowa 2003) (post-petition garnishment violates automatic stay). The case law is clear that under certain circumstances—such as where there is a post-petition turnover obligation and where inaction will clearly result in a stay violation

---

[3]During this appeal, Appellant has not argued the question of whether the City violated 11 U.S.C. §525(a). Therefore, those issues are abandoned on appeal. *Schlehuber v. Fremont Nat'l Bank & Trust Co. (In re Schlehuber)*, 489 B.R. 570, 572 n.2 (B.A.P. 8th Cir. 2013).

(by continuation of a wage garnishment, for example)—some action needs to be taken by a creditor to prevent a violation of the automatic stay. The question is whether those circumstances exist here.

Regarding the arrest warrant, the only factual finding in the record is that the City has not taken any action to enforce the warrant post-petition. Appellant does not dispute that finding. Instead, Appellant argues—without factual support—that the failure of the City to recall the warrant will eventually result in her arrest which is an attempt to coerce her to pay the fine. We have not been presented with any evidence in the record to establish whether that is a true statement. In fact, all we know is that the City has not acted on it. Unlike a garnishment (which *will* result in wages being withheld unless withdrawn), nothing will happen as a result of an arrest warrant until it is actually enforced.

The parties are in agreement that the automatic stay prevents the City from arresting Appellant as a way of attempting to collect her debt. But, there is a significant difference between *staying* enforcement of the warrant and *recalling or rescinding* it in its entirety. This adversary proceeding arose in a Chapter 13 bankruptcy case, which can last as long as five years after plan confirmation. If the bankruptcy case gets dismissed before completion (as many do), Appellant will *not* receive a discharge of her debts. Upon such a dismissal, collection of the fine and enforcement of the warrant would no longer be stayed, and the City could proceed with enforcement as if the bankruptcy never happened. But, if the warrant were rescinded as Appellant requests, the City would then have to go through additional legal and procedural steps to be in the same position it was in prior to bankruptcy filing.

Unfortunately, we have no evidence in the record as to what steps the City has available to it or has actually taken to ensure that enforcement of the warrant is actually stayed. All we know is that the City has not acted to enforce the warrant.

Appellant argues that if the warrant is not recalled, she may be arrested if she encounters a police officer—whether in the City or even in another jurisdiction. We have no evidence to support that argument and will not speculate as to whether it is a true statement. Certainly, recalling the warrant would be the safest route for the City to ensure that it does not cause a violation of the automatic stay—but Appellant has not shown us any compelling authority supporting the proposition that the City is *required* to do so.[4] Enforcement of the warrant is simply stayed while the automatic stay is in effect. Appellant has failed to identify any post-petition action by the City that would be in violation of the stay.

For similar reasons, we agree with the bankruptcy court that the City is not required to issue a compliance letter regarding Appellant's driver's license. There is no dispute that the fine has not been paid. There is nothing in the Bankruptcy Code requiring a municipality to write a letter saying a debtor has paid a fine or otherwise complied with its municipal code when the debtor has not done so. The answer may be different once a debtor actually pays a fine or obtains discharge of a debt—but those facts are not present here. Appellant admittedly has not paid the fine and is years away from having it discharged.

Appellant asserts that failing to submit the compliance letter is an attempt to coerce her into paying the debt so that she can get her driver's license renewed. As indicated above, the Bankruptcy Code simply does not require a statement that a

---

[4]The only case cited by appellant that appears on point is a bankruptcy court decision—*In re Walters*, 219 B.R. 520 (Bankr. W.D. Ark. 1998). In that case the bankruptcy court did opine that upon notice of a bankruptcy filing, a municipality should cancel any outstanding warrants for the debtor's arrest that may have been issued pre-petition for an unpaid fine or restitution obligation. *Id.* at 527. We disagree with that conclusion and note that *Walters* involved some fairly egregious acts by the police officers involved. The debtor was actually arrested post-petition and misrepresentations were made to her by the officers. The *Walters* court did not discuss why a simple stay of the enforcement of the warrant would not be sufficient.

debtor has complied when the debtor has not done so. Further, Appellant (through counsel) admitted at oral argument that the City does not issue driver's licenses—that is a state function. The State of Missouri is not a party to this adversary proceeding and there is no evidence in the record as to (i) whether Appellant has even asked the State to issue her license; (ii) whether the State has refused to do so and its stated reasons for the refusal; and (iii) what requirements the State may impose for issuance of a license under the facts of this case. As such, Appellant has failed to show that the City's inaction regarding the compliance letter has somehow led to her inability to obtain a driver's license.

Finally, appellant argues in her brief that the bankruptcy court considered an irrelevant factor—whether a driver's license is property of the estate. We agree with the City that the reference in the bankruptcy court's order to a driver's license being property of the estate was taken out of context by appellant and was not a factor in the bankruptcy court's decision. Appellant also argues the City prosecutor's response to her attorney's inquiry was somehow a violation of the automatic stay. We agree with the bankruptcy court that the response was just that—a response to an inquiry. It was not an attempt to collect a debt.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the bankruptcy court.

_____